

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. C. Petry, Jr.
County Attorney
Dimmit County
Carrizo Springs, Texas

Dear Sir:

Opinion No. 0-5497
Re: Can the commissioners' court
of Dimmit County receive the
sum of $25.00 a month for
traveling expenses? And re-
lated questions.

     Your letter of July 26, 1943, requesting the opin-
ion of this department on the questions stated therein, reads
in part as follows:

" . . . .

"Commissioner's Court met this morning, and
the question was discussed whether or not the last
Legislature approved the allowance of $25.00 a
month to County Commissioners in a County of this
size, as traveling expenses. We understand the
Bill was passed, however, a part of it was declar-
ed unconstitutional. I would appreciate it if you
would advise me as soon as possible whether or not
the County Commissioners can receive, being a
county of under ten thousand population, the sum
of $25.00 per month traveling expenses, and if
such allowance is permissible, from what fund can
it be legally paid. Our tax valuation in this
County exceeds six million dollars.

" . . . ."

     Senate Bill No. 319, Acts of the 48th Legislature,
Regular Session, 1943, provides:

"Section 1. In all counties of this state having a population of less than twenty-five thousand two hundred (25,200) according to the last preceding Federal Census, the Commissioners Court of such counties is hereby authorized to allow each Commissioner the sum of not more than Twenty-five ($25.00) Dollars per month for traveling expenses while on official business in said counties.

" . . . . "

In view of the foregoing Act it is our opinion that the commissioners' court in all counties of this State having a population of less than 25,200 inhabitants according to the last preceding Federal Census is authorized by said Act to allow each commissioner the sum of not more than $25.00 per month for traveling expenses while on official business in said counties.

It is our further opinion that the traveling expenses authorized by the foregoing Act must be paid out of the General Fund of the county. It is well established that "all county expenditures lawfully authorized to be made by a county must be paid out of the county general fund unless there is some law which makes them a charge against a special fund." (See Bexar County, et al., v. Mann, 157 S. W. (2d) 134, and Williams v. Carrell, 182 S. W. 29.)

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)    Ardell Williams
                    Assistant

AW:db:ff

APPROVED SEP. 1, 1943
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This Opinion Considered
And Approved in Limited
Conference